UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>FAUSTO QUEZADA,<br><br>　　　　　　　Defendant. | Case No. 2:13-cr-00428-KJD-CWH<br><br>ORDER |

　　　Presently before the Court is Defendant's Motion to Modify and Reduce Sentence RE: Johnson (#112). No response in opposition has been filed.

　　　Construing Defendant's *pro se* motion liberally, as the Court must, it appears that Defendant seeks to be re-sentenced without the 2-point enhancement for possession of a dangerous weapon during commission of a drug trafficking offense. See U.S.S.G. § 2D1.1(b)(1). Defendant argues that Johnson v. United States, 135 S.Ct. 2551 (2015), requires this result. However, Johnson held that the residual clause of the Armed Career Criminal Act ("ACCA") (18 U.S.C. § 924(e)(1)), which imposed a minimum 15 year sentence for individuals who had three or more prior convictions for a "violent felony," was unconstitutionally vague and violated due process. See Johnson, 135 S.Ct. at 2557-60. The "residual clause" defined "violent felony" to include a felony that "involves conduct that presents a serious potential physical risk of physical injury to another." See id. Here, the two point enhancement was not imposed under the ACCA. The two level enhancement was imposed under Sentencing Guideline § 2D1.1(b)(1).

　　　Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Modify and Reduce Sentence RE: Johnson (#112) is **DENIED**.

Dated this 4th day of February, 2022.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Kent J. Dawson
　　　　　　　　　　　　　　　　　　　　　　United States District Judge